UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG S. COLEMAN, ) | |
| ) | |
| Plaintiff, ) | CASE NO. C09-1105-MJP-BAT |
| ) | |
| v. ) | |
| ) | **REPORT AND** |
| WASHINGTON STATE, et al., ) | **RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is currently incarcerated at the King County Correctional Facility in Seattle, Washington. He has filed with this Court an application for leave to proceed in forma pauperis and the instant civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. He has also filed a document identifying additional defendants, which the Court interprets as an amendment to the complaint. Dkt. 4. By separate Order, the Court has granted plaintiff's application to proceed in forma pauperis and will now proceed to review plaintiff's complaint as required under 28 U.S.C. § 1915A.

Plaintiff's complaint alleges that his public defender, David Meyer, failed to assert a claim that plaintiff was never formally charged in his state-court criminal case, that deputy prosecutor Lynda Stone improperly requested a continuance of his trial date because of witness unavailability despite the fact that plaintiff did not consent to the extension, that King County Superior Court Judge Sharon Armstrong granted the continuance, and that the prosecutor has failed to state a claim against him. He names Washington State, Mr. Meyer, Ms. Stone, and Judge Armstrong as

REPORT AND RECOMMENDATION – 1

defendants in this action. Plaintiff seeks dismissal of the criminal charges, financial compensation for mental anguish and pain and suffering, and punitive damages. Plaintiff's amendment to the complaint names two additional defendants, King County Superior Court Judge Douglas A. North and deputy prosecutor Tuyen Lam, and alleges that Judge North continued plaintiff's speedy trial expiration date without plaintiff's consent, apparently at Ms. Lam's request.

After reviewing the complaint, the Court recommends that the complaint and this action be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) because the complaint fails to state a claim on which relief can be granted and seeks monetary relief against defendants who are immune from such relief.

In order to sustain a cause of action under 42 U.S.C.§ 1983, plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by a federal statute, and (b) that the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff names the State of Washington as a defendant. States are not persons for purposes of § 1983. *See Doe v. Lawrence Livermore Natal Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Plaintiff may not assert a § 1983 claim against the State of Washington.

Plaintiff names his public defender, David Meyer, as a defendant and alleges that Mr. Meyer should have asserted a claim that plaintiff was never formally charged in his criminal case. A public defender who is acting in his role as counsel to a defendant in a criminal proceeding is not acting under color of state law for § 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff may not assert a § 1983 claim against Mr. Meyer based on Mr. Meyer's role as his counsel.

REPORT AND RECOMMENDATION – 2

Plaintiff names deputy prosecutors Lynda Stone and Tuyen Lam as defendants and alleges that Ms. Stone improperly requested a continuance of his trial date because of witness unavailability despite the fact that plaintiff did not consent to the extension, and that Ms. Lam also requested a continuance without plaintiff's consent. Plaintiff also alleges that the prosecutor has failed to state a claim against him. When prosecutors function as advocates in initiating a prosecution and presenting the government's case, they are absolutely immune from suit. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff may not assert a § 1983 claim against Ms. Stone or Ms. Lam for their actions in charging him and seeking continuances.

Plaintiff names King County Superior Court Judges Sharon Armstrong and Douglas North as defendants and alleges that they improperly granted continuances of his trial date. Judicial officers are immune from liability for damages under § 1983 for acts taken within their judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). A judge will be subjected to liability only when (1) she acts in the clear absence of all jurisdiction, or (2) she performs an act that is not judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 360 (1978). Plaintiff may not assert a § 1983 claim against Judge Armstrong or Judge North for their actions in granting a continuance, which is a judicial act.

In addition to the above deficiencies, it appears that plaintiff's state court criminal proceedings are currently ongoing. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v.Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case

concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Plaintiff has made no showing of extraordinary circumstances which would justify this Court's intervention in his ongoing state court criminal proceedings. Plaintiff may not assert a § 1983 claim for dismissal of his state court criminal proceedings.

Where a pro se litigant's complaint fails to state a claim on which relief may be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Here, plaintiff would have to abandon the claims he has asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case. This is more than the rule of liberally granting leave to amend would seem to require. Accordingly, the Court concludes that it is not required to grant plaintiff leave to amend.

Because plaintiff has failed to state a claim on which relief can be granted and seeks monetary relief against defendants who are immune from such relief, the complaint and this case should be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). If, however, plaintiff believes that these defects can be cured by amendment to his complaint, he should lodge an amended complaint as part of his objections, if any, to this Report and Recommendation. A proposed order accompanies this Report and Recommendation.

DATED this 13th day of August, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge